Thank you, Your Honor. May it please the Court. The Supreme Court of Washington has said that res judicata is not intended to deprive a litigant of their day in court. It's also said that res judicata doesn't bar claims arising out of a transaction that is separate and apart of the matter or the issue previously litigated. The matter that we're here upon today was not about whether Ms. Sahlberg owed a debt to her creditors. It was not about whether her creditors were entitled to prejudgment interest after the judgment was entered in the state court. It was about whether the collection practices by the debt collectors leading up to the state court were lawful or whether they violated the Fair Debt Collection Practices Act. Go ahead. You're the chief. I just wanted to understand, though. I thought that the practice that your client was objecting to had to do with the prejudgment interest, no? Well, it did in a way, Your Honor, yes. But the reason there's a distinction here is that the collection practice that was alleged by plaintiffs as being unlawful was the representation that her debt already included prejudgment interest prior to the time that the state court actually awarded it prejudgment interest. Now, this is not a minor issue. This is something that's going on around the country where debt collectors will take advantage of state statutes, which are very frequently at exorbitantly high rates. Here in Washington, it's 12%. In Arizona, it's 10%. And they assert that they're already entitled to prejudgment interest, sua sponte deciding what state statute entitles them to interest. But I'm trying to get the – I'm in the sort of no harm, no foul when I hear that because if, in fact, it's legal and state law provides for that and they said here the debt was legal and, in effect, rejected her arguments, how could it be illegal for the debt collector to make that representation? It was illegal because the debt collector is not allowed to misrepresent the amount of a debt. So if you owe $1,000 today, you owe $1,000 today. And if tomorrow the creditor gets a judgment for prejudgment interest and $1,000 in postjudgment interest and court costs and attorney's fees, then that's how much you owe tomorrow. But today, you owe a certain amount of debt. Okay. I understand your distinction. Thank you. So this is the major distinction. Now that you've made that distinction, I guess I'm trying to figure out. You will agree with me that I have to apply – if I'm going to go on res judicata, I have to apply Washington's law? Yes, Your Honor. And you'd agree that applying Washington's law, we look at really four factors, I guess, in determining whether we have res judicata? Yes, Your Honor. And I think that it is mostly distilled down to the question of whether it's the same cause of action under Washington law. Okay. So you got there before I did, and I was going to say it seems to me you don't have much argument on anything except the causes of action? Yes, Your Honor. What do I do with this idea that in Washington, causes of action brought are treated similarly to the affirmative defenses raised or failed to be raised? Well, Your Honor, I think that's a great question, and I think the answer is that that is old case law. It's from 1927. Well, it doesn't matter how old it is. If it's still Washington law, I'm bound. Well, the reason I – That's like saying I'm no use because I'm old. I wouldn't suggest that, Your Honor. The point I was making about it being an old case is that, as I argue in – or as we argued in our opening or reply brief, that this case came down before there was really a distinction between an affirmative defense and a counterclaim. And this Court has said in Berg v. Leeson, an affirmative defense based on federal law does not give jurisdiction to the courts. We're not under federal law. We're under state law. We're under Washington law. That's why I asked you the first question. So I don't look at what the Third Circuit says or what the Ninth Circuit says. I'm more like I was when I was a district court judge in Idaho. I could care less what they say. What I'm looking at is what Washington law says, and I read Symington. Doesn't seem to me you got much to say. Well, the case that was cited by the defendants in this matter was Crabtree, and in that case the defendant didn't just say there was an affirmative defense to the claim. They actually had a prayer for relief in their defense. They asked for $7,500. It was tantamount to a counterclaim. So I would contend that Washington law is not clear and unambiguous about that. How do you distinguish Symington? I'm not familiar with Symington, Your Honor. Counsel, I have a question for you. Yes, Your Honor. In terms of the framework for looking at this, do you agree that what we have to do is to ask ourselves in sort of a predictive sense, how would the Washington State Supreme Court rule on the issue you're raising? Yes, Your Honor. Although I think that that is part of the analysis, I also think that res judicata being an equitable doctrine, this court may reverse on the grounds of abusive discretion for applying an equitable remedy where it was not necessary. Go ahead. So you wouldn't agree that our job is to say, how would the Washington State Supreme Court decide the res judicata issue? How would it balance the equities? You urge that we could take our own view of that? No. I agree that your job is to apply how the Washington Supreme Court would apply res judicata here. But as you mentioned, it is a balance of equities. And so because there's no bright line test in Washington, I think the court may reverse that. I've got another question for you, maybe a little bit out from left field. And so if I use up all the time you were going to hold for rebuttal, maybe Judge McKeown will give you an extra minute. But I was puzzled to understand why the law firm is in the party. That is, I can understand the Federal Debt Collection Practices Act claim against the collection agency. But why would the law firm that presented stuff for them have liability under either the federal statute or the Consumer Protection Act? The reason for that is that in Hines v. Jenkins, the Supreme Court of the United States said that attorneys are debt collectors or may be debt collectors under the Fair Debt Collection Practices Act. So in this case, Adams & Adams PC sent a done letter, a collection letter, to Ms. Sahlberg regarding the debt. And we alleged that there were similar violations based on that pre-debt collection or pre-debt suit conduct. But they're in privity with PSC, correct, as the debt collector, if that's the word you want to use? Well, they may be. But with respect to collateral estoppel, that's the only basis on which claims against Adams & Adams under the Washington Consumer Protection Act could possibly have been tossed in this matter. And that issue was not litigated. It wasn't even raised as an affirmative defense at all. What's your best case under Washington law that you think controls on the issue of privity of the law firm with their clients? We don't have any contention against privity with respect to the law firm. The best case under Washington law is regarding the same cause of action. The factors are an impairment of rights, which would not occur here. It's not about whether they're currently entitled to 12% interest. It's not about, with respect to evidence being substantially the same, the evidence in a debt suit is about the evidence that she incurred debts, that she didn't pay them. It has nothing to do with the collection letters they sent later. That's what the FDCPA case is about. The infringement of the same right alleged. That was raised in the answer, right? The answer alleged numerous affirmative defenses. Including the Federal Debt Collection Act, correct? That's true, Your Honor. And also the CPA, the Washington Consumer Protection Act claim was raised in argument? No, Your Honor. The Washington Consumer Protection, it may have been brought up. Well, yes or no, was it raised in the argument? I may recall someone saying CPA, but it was not put in. That's what my recollection was, which in Washington is kind of code for the Consumer Protection Act. Correct. So the fact that someone mentioned it once in an oral argument or a hearing, not having been pleaded, does not, I think, constitute grounds for res judicata. The problem, the real problem comes, I guess, and you've not read the case that I cited to you. So I'm really going, what if we just went on 14A, Washington Practice Civil Procedure, Section 3524? That would suggest that particular section, which I researched, which was cited in Symington, would suggest that if an affirmative defense has been raised or if it could have been raised, then it would be res judicata as to that particular defense. Part of the problem in this matter in the briefing here is that a lot of the language in res judicata and collateral estoppel issues, they're very broad language. It's dicta. It's not something that there can be. This isn't dicta. This is Washington, 14A, Washington Civil Procedure, Section 3524. I read right out of it. I don't see any dicta there. I guess you're suggesting that doesn't control? I mean, I tried to put Symington to you because that's a case dead on which is citing that section. It seems to suggest that in Washington, if you raise an affirmative defense or if you could have raised an affirmative defense, then it would be res judicata as to a cause of action. My response would be that the federal practices in this matter, almost no federal court will allow a defendant debt collector to file a counterclaim based on the underlying debt the federal law in this matter controls. Why? We're talking about res judicata, which is Washington law. Because this is a substantive matter, and so where there's a substantive conflict, it might seem like a procedural rule that basically bars their FDCPA claims. Thank you. Thank you. We'll give you some short time for rebuttal because we did ask you a lot of questions. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. My name is Timothy Goslin. I'm here on behalf of Appellee PSC, Inc. I will share my time equally with Mr. Adams, so I'd like five minutes, please. We ask that you affirm the district court because regardless of whether debtors must assert FDCPA claims in the proceeding to collect the debt, this debtor actually asserted the claim in the state court proceedings, and therefore the district court correctly applied res judicata and collateral estoppel. We know the debtor asserted the claims in state court because she pled it in her answer, and we know the state trial court actually ruled on that claim because the debtor raised the claim and argued for affirmative relief on it in response to the creditor's motion for summary judgment, and the trial court did not grant the relief that she asked for. If the debtor disagreed with the trial court's application of the FDCPA, her remedy was appeal, not a new action in the district court. That's based on this idea that an affirmative defense raised or should have been raised in a case should not be allowed to come to federal court or any other court and raised again, right? It is based on that in part, but I believe in this case, Your Honor, that is a distinction without a difference. What the debtor is arguing is that this affirmative defense did not seek direct relief when, in fact, that's exactly what she argued for in her claim for offset. She was seeking affirmative relief to offset the debt that was owed. She masked her claim as an affirmative defense when, in fact, she was asserting it as a counterclaim. And what about the Consumer Protection Act claim? Again, that was specifically raised in oral argument. It was not pled. Mr. Adams will address that directly, but it was specifically raised and asserted as the same conduct was asserted as underlying that claim as well. So when we move to the situation with the Adams, that you're not addressing, right? I'm not addressing that. Thank you, Your Honor. So as we pointed out, the notion that because she pled the FDCPA as an affirmative defense and she now argues that her theories are different or were different in the district court than they were in the state court, those reasons somehow preclude the application of res judicata. As we pointed out, even if her argument regarding an affirmative defense was accurate, she pled the FDCPA seeking affirmative relief in the form of offset, and you can see that directly from the words used in argument. Now, your colleague in opposition to you says, but my argument is a different one now. And that's simply not true. What I will do is quote from a very good question, and I'll quote from the argument that she made to the trial court. She said in the trial court, the other issue is that under the Fair Debt Collection Practices Act, they have indicated and inserted things in there that are absolutely prohibited. Her entire claim in the district court is based on the notion that PSC inserted things in the debt collection letters that were prohibited under the FDCPA. So she was arguing for offset on the basis that the contents of the collection letters were improper. That's exactly the claim she has argued here and exactly the claim that she asserted to the district court. There is no difference. Thank you. Thank you. Mr. Adams. Thank you. If I may ask a question just for the framework of analysis, am I correct that from your client's perspective, the issue that we have to address is only collateral estoppel, not res judicata? Well, I believe the court can uphold the trial court below on any ground. We can always affirm on any ground supported by the record. Correct. We made the motion for summary judgment on three grounds. The only thing addressed by the district court was collateral estoppel. It did not address the other two grounds in its ruling. So I would ask, I'm going to argue that all three are proper, but I would concede that the decision was only, as to my firm, was only on the issue of collateral estoppel. Thank you. So is there any benefit to us to, if we don't do collateral estoppel, send it back and at least have the district court have the chance to have a look at the other issues? Your Honor, because it is somewhat an application of Washington law to the facts of the particular situation, but we're really dealing, to some extent, with this privity issue. And, frankly, I'm wondering if the district court having a chance to look at the privity, I mean, I read the district court's decision was kind of cursory on privity. It really didn't focus in very well. In collateral estoppel, Washington allows the offensive use of collateral estoppel. You don't have to have privity if it's the same issue and the party was entitled and did have a chance to litigate the issue because it's not claim preclusion. So that's the difference between collateral estoppel and res judicata. They did have a chance to fully litigate the interest, the right to collect pre-judgment interest in the state court below, and that is the issue that they're claiming was the violation, that we asserted we could collect interest pre-judgment, and so there's no reason that collateral estoppel wouldn't apply because the issue was raised and litigated, and you don't have to have privity in collateral estoppel if the party had the full opportunity to litigate. And then on the substance of that, it really comes out the same as res judicata, however, right, in terms of raised or could have been raised? Yes, I would agree with that, but the point is this issue was truly litigated below as to whether pre-judgment interest was collectible or not, and as you've seen in their brief, the appellant claims that the pre-judgment interest can't be asserted in a letter because it's not due until the court enters judgment on it. Well, there's no authority for that proposition at all. 1952.010 says, Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of 12% per annum. It's not. It bears interest once the judge decides it bears interest or once the judge rules that it's owed. The statute says it bears interest at 12% from the date the services are provided until it's paid, and it doesn't matter if a court action is brought or isn't brought. The sums are due and owing under the statute, and they don't have any authority that says it's only due when the court says it's due. They didn't raise that in the district court below. This argument came up in the first time in appeal, and there's no basis for it. And frankly, the res judicata argument, I think, is it's clear that the court we pleaded in our complaint were entitled to 12% pre-judgment interest. The court in the motion for summary judgment, that was requested. The court ruled on it. They said, No, you shouldn't grant 12%. That's too high an interest rate. And the court said the statute says it's 12% and granted it. So this exact issue was litigated. You've lost me a little bit in your argument to me. When I read South Center Joint Venture, it suggests that the elements of collateral estoppel are, one, that identical issues be litigated, two, that the final judgment on the merits be entered, and three, that the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication. Right. That's Ms. Solbert. The party against whom it's asserted, Ms. Solbert, has to have been a party or in privity. She was a party in the prior litigation, and that's why the collateral estoppel test is met. And the other thing I would point out, and I know my time is getting short, I think res judicata, this argument on res judicata, because it wasn't raised in the pleadings, is specious. The Civil Rule 15 says if you raise things during trial or argument, the pleadings are automatically deemed amended to include them.  The brief quotes the part of the argument where the attorney, on behalf of the appellant in the trial court, argued the CPA claim and the FDCPA claim. So whether it was in the pleadings or not, it was raised, it was ruled upon, and CR 15 amends the pleadings automatically to include any issues that were raised. Counsel, I think your time is technically up, but I would like to ask you, if Judge McHugh would permit this, to just take a minute to describe the other issues that were in your summary judgment motion that we can look at. We can get the briefing from summary judgment motion that we can look at to see if we think those issues are key. The other issue was their claim doesn't state a claim upon which relief can be granted. They're pleading. The only thing they claimed that I did wrong was I put in a complaint to the Superior Court a request for prejudgment interest at the statutory rate of 12 percent, and that I sent out a letter ahead of time saying, you owe prejudgment interest on the claim. As a matter of law, those are collectible, and I moved for summary judgment on the ground that I didn't do anything that the state law doesn't permit, and therefore there's no basis for a claim under the FDCPA or the Consumer Protection Act. The other was the res judicata argument that has been addressed pretty fully. I am in privity with PSC under the case law, and because I'm in privity with them, have the same interests as they do, because I'm representing them in the actions that I took, then res judicata would also apply. That was the other argument. What's your best case that would say that as a law firm for PSC, your firm is in privity with them for res judicata case? It's in my brief. Kuhlman, I'm sorry, K-U-H-L-M-A-N is the case cited in my brief on that issue. Thank you, sir. Thank you. Mr. McDevitt, you may have a minute of rebuttal. Thank you, Your Honor. PSC argued that Ms. Sauber actually asserted the claims, argued for affirmative relief, and argued for direct relief. If you review the transcript in the state court, she was not arguing anything about interest. The things that were indicated and inserted that were absolutely prohibited, that's referring to HIPAA violations because they filed in the state court without seal, sensitive medical records. That was the argument that was raised, and that was the only argument that was raised. There was never a mention of interest being unlawfully represented before attaining it. So while it is true that the attorney presenting tried to argue for less interest, it wasn't an FDCPA-related claim. Well, what was her FDCPA claim? What was her defense in state court under that? I don't think there was a good defense. I don't know why she brought it up. Well, she raised it. I know. I mean, you know, so good or bad, she raised it, and it's presumed litigated, no? But again, what she was arguing was whether or not 12% was lawful moving as part of that judgment, not about whether it was lawful beforehand. I want to point to work to you. Okay. I think we have your argument well in mind. Thank you very much. Okay. Thank you, Your Honor. The case of Sahlberg v. PSC and Adams is submitted.
judges: McKeown, Gould, Smith